IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENT BERNBECK,<br><br>                    Plaintiff,<br><br>         vs.<br><br>JOHN A. GALE, Nebraska Secretary of State,<br><br>                    Defendant. | **8:13CV228**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant's objection to evidence, Filing No. 51, and plaintiff's objection to evidence, Filing No. 52.   Plaintiff brought this action alleging that he has been denied the right to place initiatives on the ballot in the State of Nebraska because of (1) his inability to hire paid circulators who receive money per signature;[1] and (2) the requirement of Neb. Const. art. III, § 2 that he obtain 5% signatures per county.

### *Filing No. 51*

Defendant John Gale objects to the Third Kent Bernbeck Declaration, Filing No. 50-1, as follows:

> 1.  Kent Bernbeck – Third Declaration, Paragraph 2.  Object to the final sentence of Paragraph 2 on the grounds of Relevancy, Lack of Foundation, and Legal Conclusions by the witness.
>
> 2.  Kent Bernbeck – Third Declaration, Paragraph 4.  Object to Paragraph 4 on the grounds of Relevancy, Lack of Foundation and Legal Conclusions by the witness.

---

[1] The court dismissed this claim as to defendant TeBrink and as to the issue of paid circulators. Filing No. 44.

With regard to paragraph 2, the last sentence states:  "This requirement dilutes the voice of citizen signors, myself included, depending on the county that citizen signs the petition in."  *Id*. at ¶ 2.  First, the court is of the opinion that Mr. Bernbeck can state his belief as to how this affects him.  Second, the court will give this declaration the appropriate weight it deserves[2] once all the evidence is considered.[3]

With regard to paragraph 4, the language states:  "These numbers show that the principal of 'one man, one vote' is violated because more weight and consideration is given to the signatures of citizens from the rural counties than fellow citizens in non-rural counties."  *Id*. at ¶ 4.  Again, the court is able to discern for itself that which is evidence and that which is argument.  The court views this paragraph primarily as argument.

**Filing No. 52**

Plaintiff objects to defendant's affidavit, Filing No. 49-1, ¶ 4, sentence 4 and Attachment A submitted by Neal Erickson on the basis of relevance.  Sentence 4 states:

> Based on my review of those records, I prepared the list attached hereto and marked as "Attachment A" which shows all initiative and referendum petition drives for which petitions were submitted to the Secretary of State for signature verification since 2002, and, of the petitions submitted, showing: (1) The number of counties for which five percent or more of the signatures of registered voters were determined to be valid; (2) The number of counties in which less than five percent of the signature of registered voters were determined to be valid; and (3) The number of counties with no signatures submitted.

---

[2]  *See Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions.").

[3]  The parties agreed that this case can be submitted on a stipulated record.  Filing No. 47.

*Id.* at ¶ 4, line 4.   Attachment A is the listing of petition drives over the years in Nebraska.  The court has carefully reviewed Attachment A and concludes that at this time it appears to be relevant in this case.  The heart of this case is the right to vote, and the dilution of votes, and viewing these numbers might be relevant to this issue. Accordingly, the court will deny plaintiff's objection at this time.  If, however, the court views all the evidence and determines it is not relevant, the court will not take it into consideration in making its decision.

THEREFORE, IT IS ORDRED:

1.   Defendant's objections, Filing No. 51, to written evidentiary materials are granted and denied as set forth herein.

2.   Plaintiff's objections to written evidentiary materials, Filing No. 52, are denied at this time.

Dated this 11th day of September, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge