IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Kent Bernbeck,<br><br>      Plaintiff,<br><br> v.<br><br>John A. Gale, Nebraska Secretary of State,<br><br>      Defendant. | 8:13CV228<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on the plaintiff's motion for an award of attorney fees and expenses, pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. §1988. Filing No. 62. This is a civil rights action, brought by a citizen of Nebraska. The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983, alleging that defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution. However, the court found for the plaintiff with respect to his Fourteenth Amendment claim, finding that Neb. Const. art. III §§ 2 and 4 violated the Equal Protection and Due Process Clauses of the United States Constitution by diluting urban votes. The court ordered injunctive relief. Filing No. 61.

  Plaintiff, as the prevailing party, now seeks fees in the amount of $93,175, with an upward adjustment of 50% to $139,762.50 and costs of $2,373.43 for a total of $142,135.93. In support of the motion for attorneys' fees and costs, plaintiff submits (1) an itemized and detailed time records and cost entries; (2) the qualifications of counsel; and (3) affidavits attesting to the reasonableness of the fees and costs sought by the plaintiff. Filing No. 66; Filing No. 67.

1

The defendant opposes the award. The defendant contends that the total amount requested by the plaintiff needs to be reduced. Defendant argues that there must be a reduction in the award to reflect plaintiff's lack of success on some of the claims. The defendant also contends that, with respect to two of the plaintiff's attorneys, Megan Mikolajczyk and Christopher Mihalo, their rates are unreasonable and should be reduced to reflect the market rate for attorneys with their levels of experience. Defendant also contends that an enhancement of the Lodestar is not warranted, and that the cost of computerized research is not separately recoverable. Filing No. 70.

**DISCUSSION**

**A. Lack of Success on All Claims**

"In any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A lawsuit which includes several related legal theories based on a common core of facts should not be viewed as a series of discrete causes of action, and compensation should not be awarded on a claim-by-claim basis. In such a case, a counsel's time is devoted to litigation as a whole and compensation should be based on all hours reasonably expended to achieve a successful result. Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). A court should compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome, even if the plaintiff failed to prevail on every contention. Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991). When a plaintiff has prevailed on some claims but not others, the plaintiff may be compensated for the time spent on unsuccessful claims that were related to his successful claims, but

not for time spent on unsuccessful claims that were distinct in all respects from his successful claims. *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001); *see also Hensley*, 461 U.S. at 440. Claims are related and hence deserving of compensation, if they "involve a common core of facts" or are "based on related legal theories". *Id.* at 435.

The plaintiff contends that the two claims under the First and Fourteenth Amendments involved a common core of facts. His claims arose from his efforts to petition municipal governments across Nebraska to express support for reform of the initiative and referendum petition process. The plaintiff's objective was to make access to the ballot easier, because his efforts had been impeded by the state's geographic distribution requirement and prohibition against paying petition circulators on a per valid signature obtained basis. The plaintiff argues that his own interest in petitioning, and his desire to do so on a state-wide basis, form the background and basis for this case. Filing No. 72.

The defendant argues that the plaintiff's first claim, challenging the validity of the per-signature payment ban, is factually unrelated to his second claim challenging the constitutionality of the signature distribution requirement in the state constitution. The defendant also contends that the court's finding for the plaintiff's second claim on the ground of equal protection and due process is not a related legal theory to his first claim, which he argued were violations of the First and Fourteenth Amendments. Filing No. 70.

The court finds that these two claims share a common core of facts and related legal theories. The plaintiff's desire to have the ability to petition municipal governments

and his interest in the referendum process provide the factual background for this case, and both claims arise out of that common core of facts. Both claims also shared related legal theories. On both claims, the plaintiff argued that the laws violated his First and Fourteenth Amendment, and this court found for the plaintiff on one of those legal theories. Because both claims shared a common core of facts and were argued under similar legal theories, reduction of the plaintiff's attorneys' fee for lack of success on all claims is not warranted.

### B. Reduction of Rates Based on Experience

The plaintiff seeks an award for attorney's fees in the amount of $139,762.50, after a 50% upward adjustment on a total Lodestar of $93,175. The plaintiff had four attorneys and two paralegals work on his case. Plaintiff seeks the following hours and rates: David Domina, 139.9 hours at a rate of $400 an hour; Megan Mikolajczyk, 100.9 hours at a rate of $300 an hour; Brian Jorde, 2.9 hours at a rate of $350 an hour; Christopher Mihalo, 6.1 hours at a rate of $300 an hour; and two paralegals, totaling 41.9 hours at a rate of $100 an hour. The defendant only contests that the rates for Megan Mikolajczyk and Christopher Mihalo are unreasonable.

When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The court should consider factors set forth in *Johnson v Georgia Highway Express,* Inc., 488 F.2d 714, 717-19 (5th Cir 1974). *See McDonald v Armontrout,* 860 F.2d 1456, 1459 (8th Cir 1988). *Johnson* called for consideration of twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion

4

of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the Circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*. at 1459 n. 4.

To determine what would qualify as a reasonable rate in the prevailing Omaha market, the court reviewed and analyzed reported decisions from this court over the past several years involving attorney fee awards. *See United States v. $104,160.00 in U.S. Currency*, No. 8:08CV463, 2009WL 3839340, at 2 (D.Neb. Nov. 17, 2009) (Bataillon, J.) ($200 hourly rate for experience Omaha attorney representing claimant in civil forfeiture action was reasonable in this locality); *Sheriff v. Midwest Health Partners, P.C.*, No. 8:07CV475, 2009 WL 2992513, at 10 (D.Neb. Sep. 16, 2009) (Thalken, M.J.) (in Title VII action, Omaha attorneys' hourly rates of between $200 and $300 appeared consistent with hourly rates in relevant market based on evidence in record); *Lohmeier v. Bancwise Real Estate Services, L.L.C.*, No. 8:06CV578, 2008 WL 351657, at 2 (D.Neb. Feb. 7, 2008) (Smith Camp, J.) ($200 hourly rate for Omaha attorney with more than 30 years' litigation experience reflected appropriate market rates for services provided in ADEA case); *Bowen v. Allied Prop. & Cas. Ins. Co.*, No. 4:11CV3163, 2013 WL 942443, at *5 (D. Neb. Mar. 11, 2013) (Kopf, J.) (amounts $275, $210, and $175 were found to be reasonable rates for attorneys of varying experience, with the associates receiving less); *Johnson v. United of Omaha Life Ins. Co.*, No. 8:11CV296, 2013 WL 3400095 (D. Neb. July 5, 2013) (Thalken, J.) (rates of $340 and $350 an hour

are reasonable for attorneys with 30 years of experience or specialized expertise, and also noted that $80 an hour is a reasonable paralegal rate).

With respect to Megan Mikolajczyk and Christopher Mihalo, both of whom have fewer than five years of experience, the court finds a rate of $250 an hour is a reasonable rate for attorneys with that level of experience in this community. The Court further finds that the number of hours claimed is reasonable, given the time and complexity of the case. *See* Filing No. 67, declaration of Megan Mikolajcyzk. Accordingly, the court will award fees in the amount of $250 per hour for Megan Mikolajczyk and for Christopher Mihalo.

The defendant did not argue that $400 an hour was an unreasonable rate for lead counsel David Domina, based on his level of experience and expertise. The Court notes that Mr. Domina has practiced in excess of 40 years and tried more than 350 jury cases. *See* Filing No. 66, at ¶ 17; and attached Ex. 1 (resume). Nor did the defendant argue that $350 an hour was an unreasonable rate for Brian Jorde. The Nebraska federal courts, as set forth above, have found that similar rates are reasonable for attorneys with this level of experience and specialty. Based on its familiarity with attorney fees in this community, the court finds that the rate of $400 an hour for 139.9 hours for David Domina, and a rate of $350 an hour for 2.9 hours for Brian Jorde are reasonable rates for attorneys of their level of experience and will award those hourly amounts.

The Court further finds that the number of hours claimed by all four of these attorneys is reasonable. The plaintiff was successful in this case; this subject matter is important to the citizens of Nebraska; the plaintiff's counsel were efficient in pursuing

this action; it takes a high level of skill to pursue these constitutional cases, with an experienced and reputable attorney; the attorneys did not retain an up front fee, and thus took a risk on this litigation, which for some attorneys is considered an undesirable case. Thus, the court will award fees in the amount of $55,960 for Domina and $1,015 for Jorde. The court will award fees in the amount of $250 per hour for 100.9 hours for Megan Mikolajczyk and 6.1 hours for Christopher Mihalo, resulting in an award of $25,225 for Mikolajczyk and $1,525 for Mihalo.

The court also finds that $100 an hour is a reasonable rate for paraprofessionals, based on its familiarity with their fees in this community, resulting in an award of $4,190 for 41.9 hours. Consequently, the court finds the total Lodestar is $87,915.00.

### C. Enhancement of the Lodestar

A reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case, but does not produce a windfall to attorneys. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The starting point in determining the amount of attorney fees is the "Lodestar," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. Enhancement is reserved for rare and exceptional cases, and must be supported by specific evidence in the record and detailed findings by the lower court. *Hendrickson*, 934 F.2d at 162 (*see Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 556 (1986)). An enhancement must be based on evidence that enhancement was necessary to provide fair and reasonable compensation, and a fee application seeking an enhancement must produce specific evidence that supports the award. *Perdue,* 559 U.S. at 553. The

7

number of persons benefited is not a consideration in calculating fees under §1988. *Hendrickson*, 934 F.2d at 163 (*quoting Blum v. Stenson*, 465 U.S. 886 (1984)).

A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Emery*, 272 F.3d at 1048. (1) The undesirability of this case, (2) the difficulty of the question presented, (3) the time and labor required, (4) the length of the professional relationship with appellant cannot serve as basis for enhancing an award of attorney's fees because they are already reflected in the initial determination of the reasonable hourly rate and number of compensable hours. *Gilbert v. City of Little Rock, Ark.*, 867 F.2d 1063, 1067 (8th Cir. 1989). Courts have also held that the quality of an attorney's performance generally should not be used to adjust the Lodestar, "because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." *Pennsylvania*, 478 U.S. at 566.

The plaintiff contends that an enhancement of the Lodestar is appropriate in this case, for which they cite a number of reasons: the change in Nebraska state law, achieving one of the plaintiff's objectives, the expeditious manner in which this case was handled, and the lack of assurance of compensation. Filing No. 72. The plaintiff also states that he did not know of another law firm that was willing to handle the case. Filing No. 65. However, he also states that this law firm has represented him before in litigation involving election laws, and he makes no mention of looking for another firm to represent him in this matter.

Enhancement of the Lodestar is to be reserved for rare and exceptional cases where it would be necessary to fairly and reasonably compensate the attorneys, upon a

showing of specific evidence that would support that award. In this instance, the reasons that have been provided are not the type that justify enhancement. The undesirability of the case, the relationship between the attorney and client, the experience and ability of the attorney, and the contingent nature of the attorney's representation are factors that should be reflected in the attorney's reasonable rate—not through an enhancement of the Lodestar. Thus, the Court finds the final award for attorneys' fees is $87,915.00 is both reasonable and appropriate in this case.

### D. Costs

The plaintiff is also seeking the cost of their expenses incurred during this case totaling $2,373.43, including their computerized-research costs of $1,811.89. The defendant contests the costs only associated with computerized-based research. A prevailing party may recover, as part of the attorney fee award, the reasonable out-of-pocket expenses incurred by that party's attorney if the expenses are the type that are normally charged by attorneys to their clients. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96. However, "the law of this circuit is that computer-based legal research must be factored into the attorney's hourly rate." *Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319 (1993).[1] Therefore, the costs of computerized-research cannot

---

[1] The Court notes that other Circuits permit both an award of the attorney's hourly rate as well as the cost for computer-based legal research. However, while the Eighth Circuit has permitted the cost of computer legal research in negotiated settlement cases, *see UnitedHealth Group Inc. Shareholder Derivative Litigation*, 631 F.3d 913, 918 (8th Cir. 2011), the Eighth Circuit has not extended this cost to general fee shifting cases, although the dicta in this case leads this Court to believe the Eighth Circuit might consider such a change. *See id.* at 918-19. The Eighth Circuit Court stated:

> Even if we were to reach the merits of Scheeringa's claim, we would affirm the district court's reimbursement of online-research expenses. Awards of fees and expenses are committed to the sound discretion of the district court. *Petrovic*, 200 F.3d at 1145. Scheeringa has not established that the district court abused its discretion by reimbursing derivative counsel for online-research costs.

> Scheeringa argues that the district court abused its discretion because, under Eighth Circuit precedent, online-research expenses are not reimbursable as a matter of law. In support of this argument, he cites *Standley v. Chilhowee R–IV School District*, 5 F.3d 319 (8th Cir.1993) and *Leftwich v. Harris–Stowe State College*, 702 F.2d 686 (8th Cir.1983). However, Scheeringa overstates the reach of those cases. *Standley* and *Leftwich* both involved the reimbursement of costs under fee-shifting statutes. Districts courts in this circuit have found these cases do not control where, as here, expenses are being reimbursed pursuant to a negotiated settlement. *See, e.g.*, *Yarrington v. Solvay Pharm., Inc.*, 697 F.Supp.2d 1057, 1067 (D.Minn.2010). We agree.

*Id.* at 918. The Eighth Circuit then stated:

> The district court did not abuse its discretion in reimbursing derivative counsel for online-research costs in this case. The Supreme Court has noted that reasonable attorneys fees include litigation expenses when it is "the prevailing practice in a given community" for lawyers to bill those costs separately from their hourly rates. *Missouri v. Jenkins*, 491 U.S. 274, 287, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). This is how online research typically works in practice. *InvesSys, Inc. v. McGraw–Hill Cos., Ltd.*, 369 F.3d 16, 23 (1st Cir.2004) ("As configured by the provider, computer-aided research is often a variable cost in an individual case—that is, the cost varies (from zero upward) depending on the amount of Westlaw or Lexis service used in the case."). The prevailing view among other circuits is to permit awards to reimburse counsel for the reasonable costs of online legal research. *Id.*; *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 98 (2d Cir.2004); *In re Continental Illinois Sec. Litig.*, 962 F.2d 566, 570 (7th Cir.1992). The district court did not abuse its discretion by doing so here.
>
> Further, contrary to concerns raised by Scheeringa, this will not result in unfair double billing. Electronic research services "presumably save money by making legal research more efficient." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C.Cir.2004). The cost of online research is normally matched with a reduction in the amount of time an attorney researches. *Haroco, Inc. v. American Nat. Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440–41 (7th Cir.1994). "[I]f reimbursement at market rates is disallowed, the effect will be to induce lawyers to substitute their own, more expensive time for that of ... the computer." *In re Continental Illinois Sec. Litig.*, 962 F.2d at 570.
>
> Because *Standley* and *Leftwich* do not control, and because it is reasonable to reimburse derivative counsel for online-research services, the district court did not abuse its discretion by reimbursing derivative counsel for online-research expenses.

*Id.* at 819. *See also*, *Trustees of the Construction Industry and Laborers Health and Welfare Trust v. Redland Insurance Company*, 460 F.3d 1253, 1258 (9th Cir. 2006) (noting there is a split among the circuits concerning whether expenses for computer based legal research can be compensated as reasonable attorney's fees. *Id.* at 1259-60. The Court noted:

> We note that there is a circuit split concerning whether expenses for computer-based legal research are compensable as "reasonable attorney's fees." The Eighth Circuit has held that "computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award." *Standley v. Chilhowee R–IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir.1993). No other circuit has endorsed this view, and many have expressly held that computerized research costs can, in appropriate circumstances, be recovered in addition to the hourly rates of attorneys. *See, e.g.*, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 98 (2d Cir.2004) ("If [the firm] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award."); *Invessys, Inc. v. McGraw–Hill Cos.*, 369 F.3d 16, 22 (1st Cir.2004) ("[C]omputer-assisted research should be ... reimbursed under attorney's fee statutes ... so long as the research cost is in fact paid by the firm to a third-party provider and is customarily charged by the firm to its clients as a separate disbursement."); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d

be included in that total, because these are not the type of costs that are normally charged to the client. Instead, these costs are the type that should be reflected in an attorney's hourly rate. The Court will not award costs for computerized legal research. Thus, the final award of costs is $561.54.

In conclusion, the Court awards attorneys' fees in the amount of $87,915.00 and costs in the amount of $561.54.

THEREFORE, IT IS ORDERED that:

1.  The plaintiff's motion for attorneys' fees, Filing No. 62, is granted in part and denied in part as follows:

a. The Court awards plaintiff $87,915.00 in attorneys' fees and $561.54 in costs.

b. In all other respects the motion is denied.

2.  A separate judgment will be entered in accordance with this memorandum and order.

Dated this 8th day of April, 2015

BY THE COURT:

 s/ Joseph F. Bataillon
Senior United States District Judge

---

1243, 1257–58 (10th Cir.1998) ("Reasonable expenses incurred in representing a client in a civil rights case [such as Westlaw charges] should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate."); *see also Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C.Cir.2004).

We believe that the growing circuit consensus reflects the Supreme Court's treatment of litigation expenses under attorney's fee statutes. Neither tradition nor statutory usage distinguishes computer-based legal research costs from attorney's fees. *Cf. W. Va. Univ. Hosps.*, 499 U.S. at 99–100, 111 S.Ct. 1138. We therefore hold that reasonable charges for computerized research may be recovered as "attorney's fees" under § 1132(g)(2)(D) if separate billing for such expenses is "the prevailing practice in the local community." *Jenkins*, 491 U.S. at 287, 109 S.Ct. 2463 n. 9.

*Id*. at 1258-59.